# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABRIEL ROSA-DIAZ, ) | |
|     Plaintiff ) | |
| ) | |
| vs. ) | C.A.No. 16-155Erie |
| ) | District Judge Gibson |
| M. OVERMYER, et al, ) | Magistrate Judge Baxter |
|     Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is hereby recommended that the motion to sever [ECF No. 23] and the motion for joinder as to the motion to sever [ECF No. 40] be granted.

It is further recommended that this action be severed. The factual allegations and legal claims at ¶¶ 47-143 should remain in the instant action. All remaining claims should be dropped from this action. Because only Defendants CO Friedline, CO Schlemmer, Lt. Heffernan, Siegel, Captain Mongelluzzo, Overmyer, J.A. Horton, and Varner are mentioned in ¶¶ 47-143, all other Defendants should be terminated from this docket.

### II.    REPORT

#### A.  Procedural History

Plaintiff, acting pro se[1], initiated the instant civil action on June 21, 2016. In his original complaint, Plaintiff named seventeen individual Defendants and set forth six separate factual scenarios which based his legal claims.

---

[1] *Pro se* pleadings, "however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court

1

On November 14, 2016, Plaintiff filed an Amended Complaint adding twenty-six additional Defendants to the caption and expanding the number of factual scenarios to twenty-six. Plaintiff's Amended Complaint is over one hundred pages in length with over eleven hundred individual number paragraphs. The factual scenarios alleged cover time periods between July 1, 2014, through March 16, 2016 and include the following unrelated claims:

- Illegal search and seizures of property (¶¶ 47-106);

- Destruction of personal property (¶¶ 107-143);

- Failure to train and supervise/use of excessive force (¶¶ 144-204);

- Denial of activities/racial discrimination/retaliation through denial of activities/harassment/confiscation of property/obstruction of grievances (¶¶ 205-246);

- Seizure and destruction of property/conspiracy to deny just compensation (¶¶ 247-282);

- Denial of reimbursement in the amount of $59.46 (¶¶ 283-298);

- Conspiracy to deny reimbursement of $59.46 (¶¶ 299-304);

- Retaliation and false accusation of being a gang member (¶¶ 305-344);

- Failure to protect and/or act (¶¶ 335-357);

- Inmate assault/failure to provide medical care (¶¶ 358-405);

- Destruction of mail (¶¶ 406-421);

- Tampering with grievances (¶¶ 422-444);

---

can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).

- Overcharging for mailing publications/conspiracy to overcharge (¶¶ 445-463);

- Confiscation of mail (¶¶ 464-522);

- Tampering with mail (¶¶ 523-544);

- Destruction of personal photographs (¶¶ 545-557);

- Inmate assault/refusal to provide medical care (¶¶ 558-602);

- Financial assessment for medical evaluation related to a hunger strike (¶¶ 603-631);

- Medical negligence in failing to change gloves before administering insulin injection (¶¶ 632-656);

- Financial assessment for eye examination (¶¶ 657-673);

- Confiscation and misplacing of art catalog (¶¶ 674-703);

- Destruction of property/failure to fix broken footlocker (¶¶ 704-731);

- Discarding of property (¶¶ 732-757);

- Due process violation relative to timing of SMU placement (¶¶ 758-798);

- Failure to provide medical treatment following assault related to cell extraction (¶¶ 790-818); and

- Excessive use of force related to use of O.C. spray during cell extraction (¶¶ 819-858).

ECF No. 21.

### B. Misjoinder

Misjoinder occurs when "the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction." DirecTV, Inc. v. Leto, 467 F.3d 842, 845 (3d Cir. 2006). Federal Rule of Civil Procedure 20 governs the joinder of parties, and provides that "[a] plaintiff may join multiple defendants to a single action only if plaintiff asserts at least one

3

claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." Favoroso v. New Jersey, 2012 WL 1372280, at *3 (D.N.J. Apr.19, 2012). See also McDaniel v. Lanigan, 2012 WL 5880371, at *3 (D.N.J. Nov. 21, 2012) (claims by prisoners are not exempt from Rules 18 and 20). To that end, "a district court has broad discretion in deciding whether to sever a party." Boyer v. Johnson Matthey, Inc., 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004).

Here, Plaintiff's myriad legal claims and factual scenarios are misjoined as they do not arise out of the same transaction or occurrence and do not raise questions of law or fact common to all. Accordingly, in the interest of convenience and judicial economy, this action should be severed.

The allegations in ¶ 47 through ¶ 143 should remain, while all other allegations should be severed from this action. The only Defendants mentioned in these paragraphs are: CO Friedline, CO Schlemmer, Lt. Heffernan, Siegel, Captain Mongelluzzo, Overmyer, J.A. Horton, and Varner. All other Defendants should be terminated from this action.

In the event Plaintiff wishes to pursue those claims found at ¶ 144 through ¶ 1163, he may do so by filing new civil actions. In any new civil action, Plaintiff should be guided by Federal Rules of Civil Procedure 18 through 21 as to joinder of parties and claims.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to sever [ECF No. 23] and the motion for joinder as to the motion to sever [ECF No. 40] be granted.

4

It is further recommended that this action be severed. The factual allegations and legal claims at ¶¶ 47-143 should remain in the instant action. All remaining claims should be dropped from this action. Because only Defendants CO Friedline, CO Schlemmer, Lt. Heffernan, Siegel, Captain Mongelluzzo, Overmyer, J.A. Horton, and Varner are mentioned in ¶¶ 47-143, all other Defendants should be terminated from this docket.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Extensions of time will not be granted. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: May 10, 2017